AO 245B (Rev. 6/05 - Judgment in a Criminal Case

# United States District Court
## Northern District of California



FILED

FEB 28 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>DENNIS LEBORGNE<br>A/K/A FRENCHY, DENIS LEBORGNE | **JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number: CR-06-00748-002 RMW<br><br>BOP Case Number: DCAN506CR000748-002<br><br>USM Number: 50627-056<br><br>Defendant's Attorney: Dennis Sullivan |

**THE DEFENDANT:**

[x]  pleaded guilty to Count: One (1) of the Indictment.
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute Controlled Substances, a Class E Felony | 03-08-06 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[x]  Counts Two (2) through Ten (10) of the Indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

February 25, 2008
Date of Imposition of Judgment

*Ronald M. Whyte*
Signature of Judicial Officer

Honorable Ronald M. Whyte, U. S. District Judge
Name & Title of Judicial Officer

2/28/08
Date

DEFENDANT:     DENNIS LEBORGNE
               A/K/A FRENCHY, DENIS LEBORGNE                    Judgment - Page 2 of 6
CASE NUMBER:   CR-06-00748-002 RMW

## PROBATION

The defendant is hereby sentenced to probation for a term of <u>Three (3) years</u>.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[x]   The defendant shall cooperate in the collection of DNA as direct as directed by the probation officer. (Check if applicable.)

[x]   The defendant shall register with the state drug offender registration agency in the state where the defendant resides, works, or is a student, as direct by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well with any additional conditions in this judgment.

Any appearance bond filed on behalf of the defendant is hereby exonerated.

## STANDARD CONDITIONS

1)  The defendant shall not leave the judicial district without permission of the court or probation officer;
2)  The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  The defendant shall support his or her dependants and meet other family responsibilities;
5)  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case - Probation

| | | |
|---|---|---|
| DEFENDANT: | DENNIS LEBORGNE | |
| | A/K/A FRENCHY, DENIS LEBORGNE | Judgment - Page 3 of 6 |
| CASE NUMBER: | CR-06-00748-002 RMW | |

## SPECIAL CONDITIONS OF PROBATION

1) The defendant shall reside for a period of Four (4) months in a community confinement facility, to commence immediately following sentencing and shall observe the rules of that facility. Followed by participation in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of Four (4) months. The defendant shall pay the cost of monitoring at the prevailing rate unless it is determined by the Probation Officer that he has an inability to pay. A co-payment amount will then be determined by the Probation Officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the Probation Officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and submit to drug or alcohol testing as directed by the Probation Officer.

2) The defendant shall (1) consent to the Probation Officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and (2) consent at the direction of the Probation Officer to having installed on his computer(s), at the defendant's expense, any hardware or software systems to monitor his computer use.

3) The defendant shall pay any fine and special assessment that is imposed by this Judgment, and that remains unpaid at the commencement of the term of probation.

4) The defendant shall provide the Probation Officer access to any requested financial information, including tax returns, and shall authorize the Probation Officer to conduct credit checks and obtain copies of income tax returns.

5) The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the Probation Officer.

6) The defendant shall comply and cooperate with the IRS in a good-faith effort to pay any outstanding tax liability, to include any assessed penalty and interest.

7) The defendant shall make an application to register as a drug offender pursuant to state law.

8) The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

10) The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

DEFENDANT: DENNIS LEBORGNE
A/K/A FRENCHY, DENIS LEBORGNE
CASE NUMBER: CR-06-00748-002 RMW

Judgment - Page 4 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 30,000.00 | $ |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ _ | $ _ | |

[ ] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

　　[ ] the interest requirement is waived for the　　[ ] fine　　[ ] restitution.

　　[ ] the interest requirement for the　　[ ] fine　　[ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT: DENNIS LEBORGNE
A/K/A FRENCHY, DENIS LEBORGNE
CASE NUMBER: CR-06-00748-002 RMW

Judgment - Page 5 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [x] Lump sum payment of **$100.00** due immediately, balance due

    [ ] not later than ____, or

    [ ] in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B [ ] Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) F below); or

C [ ] Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [x] Special instructions regarding the payment of criminal monetary penalties:
The defendant shall pay to the United States a fine of $30,000. Payment of criminal monetary penalties shall be made to the Clerk of U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102, monthly payments of $300 to begin no later than 30 days after sentencing.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [ ] Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:     DENNIS LEBORGNE
               A/K/A FRENCHY, DENIS LEBORGNE           Judgment - Page 6 of 6
CASE NUMBER:   CR-06-00748-002 RMW

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[x] The defendant shall forfeit the defendant's interest in the following property to the United States:

1) $117,197.00 seized from a Wachovia Bank account with account number ending in #*********5706 in the name of Meridian Marketing, LLC. [Asset ID: 07-DEA-480122]
2) $3,450.47 seized from a Wachovia Bank account with account number ending in #*********5605 in the name of Denis Leborgne and Kathleen Leborgne. [Asset ID: 07-DEA-480227]
3) $757.06 seized from a Wachovia Bank account with account number ending in #*********3227 in the same of Denis Leborgne and Kathleen Leborgne. [Asset ID: 07-DEA-480226]
4) $5,035.59 seized from a Wachovia Bank account with account number ending in #*********5807 in the name of Kathleen Leborgne. [Asset ID: 07-DEA-480163]
5) $4,096.39 seized from a Wachovia Bank IRA account with account number ending in #*********8196 in the name of Denis Leborgne. [Asset ID: 07-DEA-480242]
6) $4,096.05 seized from a Wachovia Bank IRA account with account number ending in #*********498818 in the name of Kathleen Leborgne. [Asset ID: 07-DEA-480249]
7) $11,400.66 seized from a Wachovia Bank Certificate of Deposit account with account number ending in #*********7445 in the name of Kathleen Leborgne. [Asset ID: 07-DEA-480166]
8) All funds in the account #*********6012 in the name of Denis Le Borgne at the Cyprus Popular Bank Ltd. (Cyprus)
9) The property identified as a 2006 Nissan 350 ZX, VIN: JN1AZ36A86M450804, bearing North Carolina registration VVB2843 and registered to Denis Leborgne. [Asset ID: 07-DEA-478909]
10) The real property and improvements located at 472 McQuillan Drive, Wilmington, North Carolina.
11) All funds in the Meridian Marketing/Denis Leborgne reserve account PRI.
12) All funds in the Bank of America account with account number ending in #*********1925 in the name of JCD Consulting.
13) The property identified as a 2005 Chrysler Crossfire, VIN: 1C3AN55L35X046642. [Asset ID: 07-DEA-478900]
14) The property identified as a 2006 Mercedes CLS55, VIN: WDDDJ76X86A044090. [Asset ID: 07-DEA-478964]
15) The property identified as a 2006 Mercedes ML500, VIN: 4JGBB75E66A139385. [Asset ID: 07-DEA-478898]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.