EDWARD A. TREDER
State Bar No. 116307
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
917 S. Village Oaks Drive, Suite 200
Covina, California 91724
(626) 915-5714 – Phone
(626) 915-0289 - Fax
edwardt@bdftw.com

*E-FILED - 12/4/08*

Attorneys for Claimant WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>DENNIS LE BORGNE a/k/a FRENCHY,<br>DENNIS LEBORGNE,<br><br>                              Defendant.<br>_____<br><br>WELLS FARGO BANK, N.A.<br><br>                              Claimant<br>_____ | CASE NO. CR 06-00748 RMW<br><br><br>STIPULATION AND [PROPOSED] ORDER<br>RECOGNIZING SECURED CLAIM OF<br>WELLS FARGO BANK, N.A. |

IT IS HEREBY STIPULATED by and between Plaintiff UNITED STATES OF AMERICA ("UNITED STATES") and Claimant WELLS FARGO BANK, N.A. ("WELLS FARGO"), through their respective undersigned counsel, that WELLS FARGO has a valid pre-existing lien on the real property and improvements located at 472 McQuillen Drive, Wilmington, North Carolina 28412 (Asset ID: 07-DEA-494025) ("Subject Property"), which is not contested by plaintiff.

Plaintiff UNITED STATES and Claimant WELLS FARGO further stipulate as follows:

1.      WELLS FARGO neither knew nor had reason to believe that the Subject Property was involved in or traceable to any criminal enterprise as alleged in the captioned proceeding, including without limitation, money laundering, distribution of controlled substances and/or narcotics proceeds in violation of 18 U.S.C. §§1956(a), 1956(h), 21 U.S.C. §841, et seq., or a conspiracy to commit any of those offenses.

2.      Pursuant to the Preliminary Order of Forfeiture entered April 25, 2008 ("Forfeiture Order"), the United States will seek to sell the Subject Property.

3.      The funds generated by the sale will be distributed in the following priority:

(a)     First, to the United States Marshal's Service for its costs of escrow and sale, including applicable fees and taxes triggered by the sale of the defendant property, and real estate commissions;

(b)     Second, to the New Hanover County Assessor and Tax Collector (for real property taxes) of all unpaid real property taxes assessed against the Subject Property to the date of entry of the Forfeiture Order;

(c)     Third, to the extent that sufficient sale funds are available:

(1)     all unpaid principal due as of the sale date to WELLS FARGO under the Note dated August 31, 2006 attached hereto as Exhibit A which was secured by a Deed of Trust recorded on August 31, 2006 in the Official Records of New Hanover County, North Carolina Recording No. 2006049827 attached as Exhibit B and was assigned to WELLS FARGO by written instrument attached as Exhibit C. As of the present date, the unpaid principal balance due and owing is $219,893.12;

      (2)     all unpaid interest due and presently accruing at the contractual (not default) rate prescribed in Exhibit A (i.e. 6.375%);

      (3)     all unpaid late fees to the extent recoverable under the terms of the Deed of Trust for the Subject Property;

      (4)     to the extent recoverable under the terms of the Deed of Trust for the Subject Property, unpaid casualty insurance premiums, advances for assessments, and all other costs and expenses paid to the date of payment by WELLS FARGO for servicing the subject loan and for preservation of the property;

      (5)     all property tax payments paid by WELLS FARGO under the terms of the Deed of Trust for the Subject Property to the date of entry of the Forfeiture Order; and

      (6)     up to $2,000.00 in attorney's fees.

(d)     Fourth, to any other secured parties whose interests the UNITED STATES recognizes in this action;

(e)     Fifth, the balance to the UNITED STATES pursuant to the terms of the Forfeiture Order.

4.     The above-described payment to WELLS FARGO from the sales proceeds of the Subject Property, whether or not the funds generated by the sale are sufficient to pay the claim of WELLS FARGO in full, shall be in full settlement and satisfaction of any and all claims by WELLS FARGO to the Subject Property, and of all claims against the UNITED STATES resulting from the incidents or circumstances giving rise to this forfeiture.

5.     Upon receipt of payment, WELLS FARGO agrees to assign and convey its security interest via recordable documents and to release and hold harmless the UNITED STATES, and any agents, servants, and employees of the UNITED STATES (or any state or local law enforcement agency acting in their individual or official capacities, from any and all claims by WELLS FARGO and its agents which currently exist or which may arise as a result of the government's action against the Subject Property.

6.     In the event that the proceeds of any sale of the Subject Property as described in paragraph 3 are insufficient to pay WELLS FARGO in full as set forth in paragraph 3(c) above, after the disbursements described in paragraph 3(a) - (b) are made, WELLS FARGO agrees to accept the funds remaining from the sale of the property in full satisfaction of its claims to the property, and to reconvey its interest therein to the UNITED STATES.

7.     WELLS FARGO hereby agrees not to pursue against the UNITED STATES any other rights that it may have under the Deed of Trust, including, but not limited to, the right to initiate a judicial or non-judicial foreclosure action, without the consent of the United States Attorney's Office or this Court.  WELLS FARGO further agrees to join any government motions for interlocutory or stipulated sale of the Subject Property and any motions to remove occupants from the property for nonpayment of any secured note, rent, destruction of property, or other just cause.

8.     WELLS FARGO understands and agrees that by entering into this stipulation of its interests in the Subject Property, it waives any rights to further litigate against the UNITED STATES its interest in the Subject Property.  Unless specifically directed by order of the Court, WELLS FARGO should be excused and relieved from further participation in this action.

1    9.    The parties agree to execute further documents, to the extent necessary, to convey

2  clear title of the Subject Property to the UNITED STATES and to further implement the terms of this

3  stipulation.   The terms of this stipulation are contingent upon forfeiture and sale of the Subject

4  Property.

5

6    SO STIPULATED.

7

8  DATED: 11/18/08                              JOSEPH P. RUSSONIELLO

9                                              United States Attorney
                                               BRIAN J. STRETCH
10                                             Assistant United States Attorney
                                               Chief, Criminal Division
11                                             STEPHANIE M. HINDS
                                               Assistant United States Attorney
12

13

14                                             STEPHANIE M. HINDS

15                                             Assistant United States Attorney
                                               Attorneys for Plaintiff
16                                             United States of America

17

18                                             BARRETT  DAFFIN  FRAPPIER  TREDER  &
                                               WEISS, LLP
19

20  DATED: _____

21                                             EDWARD A. TREDER, Attorneys for
                                               Claimant WELLS FARGO BANK, N.A.
22

23    SO ORDERED.

24

25

26  DATED: _____

27                                             HON. RONALD M. WHYTE
                                               United States District Judge
28

1    9.    The parties agree to execute further documents, to the extent necessary, to convey

2  clear title of the Subject Property to the UNITED STATES and to further implement the terms of this

3  stipulation.    The terms of this stipulation are contingent upon forfeiture and sale of the Subject

4  Property.

5

6    SO STIPULATED.

7

8  DATED: _____          JOSEPH P. RUSSONIELLO
                                    United States Attorney
9                                   BRIAN J. STRETCH
                                    Assistant United States Attorney
10                                  Chief, Criminal Division
                                    STEPHANIE M. HINDS
11                                  Assistant United States Attorney
12

13

14                                  _____
                                    STEPHANIE M. HINDS
15                                  Assistant United States Attorney
                                    Attorneys for Plaintiff
16                                  United States of America

17                                  BARRETT DAFFIN FRAPPIER  TREDER  &
18                                  WEISS, LLP
19
20  DATED: 11-24-2008
                                    _____
21                                  EDWARD A. TREDER, Attorneys for
                                    Claimant WELLS FARGO BANK, N.A.
22

23    SO ORDERED.

24

25

26  DATED: 12/4/08                  *Ronald M. Whyte*
27                                  HON. RONALD M. WHYTE
                                    United States District Judge
28

1

2
## CERTIFICATE OF SERVICE

3
     The undersigned hereby certifies that he is an employee in the Office of the United States

4
Attorney for the Northern District of California and is a person of such age and discretion to be

5
competent to serve papers.  The undersigned further certifies that she caused a copy of

6
     •     STIPULATION AND [PROPOSED ORDER] RECOGNIZING SECURED
           CLAIM OF WELLS FARGO BANK, N.A.

7

8
to be served this date via first class mail delivery upon the person(s) below at the place(s) and

9
address(es) which is/are the last known address(es):

10
Brock & Scott, PLLC                 Edward A. Treder
5431 Oleander Drive, Suite 200      Barrett Daffin Frappier Treder & Weiss, LLP

11
Wilmington, NC 28403            917 S. Village Oaks Drive, Suite 200
                             Covina, CA 91724

12
                             (Attorney for Wells Fargo Bank N.A.)

13
Dennis H. Sullivan, Jr., Esq.
Sullivan, Trabucco & Wagoner, LLP.

14
29 North Third Street
Wilmington, N.C. 28401

15

16
     I declare under penalty of perjury under the laws of the United States of America that the

17
foregoing is true and correct to the best of my knowledge.

18
     Executed this 24th day of November, 2008, at San Francisco, California.

19

20
                            HECTOR LOPEZ
                            Legal Assistant

21
                            Asset Forfeiture Unit

22

23

24

25

26

27

28

-4-